UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

GEORGE DILACIO, JR.,

                  Plaintiff,

        -against-

NEW YORK CITY DISTRICT COUNCIL OF THE
UNITED BROTHERHOOD OF CARPENTERS &
JOINERS OF AMERICA and MICHAEL J. FORDE
personally and WILLIAM P. CALLAHAN personally

                  Defendants.
------------------------------------------------------------------X

'08 CIV 6959

**NOTICE OF REMOVAL**

08 Cv

AUG 05 2008
U.S.D.C. S.D. N.Y.
CASHIERS

TO    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK

    Defendants, NEW YORK CITY DISTRICT COUNCIL OF THE UNITED

BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA and MICHAEL J. FORDE

personally by their attorneys O'DWYER & BERNSTIEN, LLP, respectfully allege:

    1.    By this Notice of Removal, Defendant removes this action from the Supreme

Court of the State of New York, County of New York to the United States District Court for the

Southern District of New York, pursuant to 28 U.S.C. § 1441(a) and (b) and § 1446(a) and (b).

    2.    Upon information and belief, this action was commenced by Plaintiff by filing a

Summons and Complaint with the Supreme Court of the State of New York, County of New

York on June 16, 2008 and served on Defendant on July 7, 2008. A copy of the Summons and

Complaint is annexed hereto as Exhibit "A".

3.     The gravamen of Plaintiff's action herein concerns the political actions of a labor organization, of which Plaintiff is a member, the infringement of Plaintiff's individual rights as a labor organization member, and finally, Plaintiff's inability to express his individual views and opinions as a labor organization member. Resolution of the issues underlying Plaintiff's claims will require a determination under the purview of the Labor Management Reporting and Disclosure Act of 1959

4.     This Court has jurisdiction over this matter pursuant to the Labor Management and Reporting Disclosure Act of 1959, 29 U.S.C. §411 and §412. Section 411 sets forth the bill of rights of the members of labor organizations and establishes the equal rights and privileges of each and every member of a labor organization. Section 412 provides that any person whose rights secured by the provisions of the Act have been infringed by any violation of this Act may bring a civil action in a district court of the United States for such relief as may be appropriate. Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located.

5.     Removal of this action will also be proper under 28 U.S.C. §1442(a) as a result of Plaintiff's allegations against, William P. Callahan, the independent investigator appointed by the Honorable Charles S. Haight, pursuant to a federal Consent Decree, entered in United States v. New York City District Council of the United Brotherhood of Carpenters & Joiners of the United Brotherhood of Carpenters & Joiners of America, 90 Civ. 5722. United States of America v. International Brotherhood of Teamsters, Chauffers, Warehousemen and Helpers of America, AFL-CIO et al., 907 F.2d 277 (2d Cir. 1990) (holding that the district court had authority, under All Writs Act, 28 U.S.C. §1651, to enjoin members and affiliates of union from litigating in any

other court issues related to consent decree between union and Government; collateral lawsuits filed by union affiliates in other states created significant risk of subjecting consent decree to inconsistent interpretations and court officers to inconsistent judgments).

6.      This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, and is timely filed with this court within 30 days after Plaintiff's service of Summons and Complaint and Defendant's receipt of the Summons and Complaint.

7.      Written notice of filing of this Notice of Removal will be served upon Plaintiff and a copy will be filed in the Supreme Court of the State of New York, County of New York as required by 28 U.S.C. §1446(d).

WHEREFORE, Defendant prays for the removal of the above-entitled action from the Supreme Court of the State of New York, County of New York to the United States District Court of the Southern District of New York.

Dated:      New York, New York
            August 4, 2008

                                        Yours Truly,

                                        O'DWYER & BERNSTIEN, LLP
                                        Attorneys for Defendant

                        By:     _____
                                        GARY ROTHMAN (GR 2785)
                                        52 Duane Street
                                        New York, NY 10007
                                        Tel. No. (212) 571-7100
                                        Fax No. (212) 571-7124

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GEORGE DILACIO, JR.,

                 Plaintiff,

       -against-

NEW YORK CITY DISTRICT COUNCIL OF THE
UNITED BROTHERHOOD OF CARPENTERS &
JOINERS OF AMERICA, and MICHAEL J. FORDE
personally and WILLIAM P. CALLAHAN personally,

                 Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**Index No.**    108342|08

**SUMMONS**    JUN 16 2008

180739.11

To the above named Defendants:

     YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of

your answer, or, if the Complaint is not served with this summons, to serve a notice of appearance, on the

Plaintiffs' Attorney within twenty (20) days after service of this summons, exclusive of the day of service

(or within 30 days after the service is complete if this summons is not personally delivered to you within

the State of New York); and in case of your failure to appear or answer, judgment will be taken against you

by default for the relief demanded in the Complaint.

DATED:      White Plains, New York
             June 5, 2008

NEW YORK
COUNTY CLERK'S OFFICE

JUN 16 2008

NOT COMPARED
WITH COPY FILE

           THE SARCONE LAW FIRM, PLLC

           By: John A. Sarcone, III
           Attorneys for Plaintiff
           222 Bloomingdale Road, Suite 301
           White Plains, New York 10601
           (914) 686-8200

NEW YORK CITY DISTRICT COUNCIL OF THE UNITED BROTHERHOOD OF CARPENTERS &
JOINERS OF AMERICA (395 Hudson Street, New York, NY 10014)
MICHAEL J. FORDE (395 Hudson Street, New York, NY 10014)
WILLIAM P. CALLAHAN (395 Hudson Street, New York, NY 10014)

(180739.1)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GEORGE DILACIO, JR.,

                             Plaintiff,

           -against-

NEW YORK CITY DISTRICT COUNCIL OF
THE UNITED BROTHERHOOD OF
CARPENTERS & JOINERS OF AMERICA,
and MICHAEL J. FORDE personally and
WILLIAM P. CALLAHAN personally,

                             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No.    108342|08

**JUN 16 2008**

VERIFIED
**COMPLAINT**

Plaintiff, George DiLacio, Jr. by his attorneys, The Sarcone Law Firm, PLLC, as and for

his Complaint against the defendants, alleges as follows:

1. Plaintiff is a resident of the State of New York, County of Putnam. For virtually his entire

adult life, plaintiff has been employed in the construction industry in the New York City area.

2. Defendant New York City District Council of the United Brotherhood of Carpenters &

Joiners of America (the "District Council") is an unincorporated association representing local

Carpenter Unions in the New York City area including but not limited to Local 157. Plaintiff has

been a member in good standing of the District Council and Local 157 for the past 41 years and

has held a number of leadership positions in the District Council and Local 157.

3. From approximately 1967 through November 2007, plaintiff was a highly respected

District Council Business Representative for the District Council and member of Local 157. At

all relevant times, plaintiff performed his duties in a competent and faithful manner, and was

known throughout the District Council and Local 157 members as an honest and hardworking

NEW YORK
COUNTY CLERK'S OF
JUN 16 2008
NOT COMPARED
WITH COPY FILE

carpenter and Business Representative who at all times pursued the best interests of Local 157

and the District Council and all their respective members.

   4.  Defendant Michael J. Forde ("Forde") is the Executive Secretary/Treasurer of the District

Council.

   5.  Defendant William P. Callahan ("Callahan") is an independent investigator/monitor

appointed to oversee the operations of the District Council.

   6.  Upon information and belief, in or around 1994, the District Council, the District Council

of New York City and Vicinity of the United Brotherhood of Carpenters & Joiners of America,

has been subject to a federal court Consent Decree. As part of the Consent Decree, an

independent investigator was appointed by a Federal Judge (Haight) to oversee and review the

operations of the District Council and its constituent Locals, including the District Council and

Local 157.

   7.  In or about 2007, defendant Forde conceived and began to implement a scheme designed

to consolidate his power in the District Council and eliminate any potential opposition to the

continued achievement and exercise of such power. Plaintiff, as a long-standing and well-

respected leader in the District Council and Local 157, was perceived by defendant Forde as a

serious threat to his power and a potential rival to his reelection as Executive Secretary/Treasurer

of the District Council. Indeed, it was common knowledge in the District Council that plaintiff

was considering a run for Executive Secretary/Treasurer in the next scheduled election.

   8.  In further evidence of this, upon information and belief, Forde had been convicted of

corruption (bribe taking) by a jury but the verdict was overturned and a new trial was to begin in

2008 (actually began June 2, 2008) and knowing this, Forde purposefully sought to eliminate his

most ardent competition for his position believing that while under this cloud, the membership

would likely vote for Plaintiff or one of the other prominent now former business agents. Now

with them eliminated and Plaintiff's reputation diminished as such, Forde or someone hand

picked by Forde stands a better chance of being re-elected.

9.  Upon information and belief, Callahan needs Forde, or one of his trusted allies if they

replace Forde, to support his continuation as independent monitor/investigator. Although

appointed by the Federal Judge, the District Council has an opportunity to weigh in on that

appointment.

10. Pursuant to Forde's scheme to entrench himself and eliminate potential rivals, and with

the knowing assistance of the independent investigator, William P. Callahan, in or about

November 2007, Forde directed a purge of the incumbent Business Representatives of the

District Council.

11. The pretext for the purge was that an alleged investigation conducted by Mr. Callahan

revealed the alleged failure of the Business Representatives to perform their duties properly. Two

of the three Business Representatives (long time members and at or near a natural retirement age

like Mr. Dilacio) knuckled under Forde's threats and, at his insistence, "voluntarily resigned"

their positions; plaintiff, however, knowing that he had done nothing wrong, refused and

demanded to see the alleged records that the allegations of wrongdoing were based on. The third

Business Rep, a newer and younger member, took a lengthy suspension but was permitted to

return, however, the damage to that Rep's reputation was sealed in that he could not run for the

position after conceding to take a suspension rather than be fired and then have to do what Mr.

DiLacio is now doing to restore his good name and reputation.

12. Accordingly, on November 21, 2007, defendants delivered to plaintiff a purported

termination letter ("Termination Letter"). The Termination Letter, which was signed by Forde in

his capacity as Executive Secretary/Treasurer of the District Council, recited that plaintiff was being terminated as a Business Representative based upon his alleged "severe dereliction of duty" (which "severe dereliction of duty" was not specified). A copy of the Termination Letter is annexed hereto and is incorporated by reference herein.

13. Upon information and belief, the only specific charges ever made against plaintiff relate to a purported "analysis" by the District Council's Independent Investigator, William P. Callahan, Esq., ("Callahan") of cell phone records supplied to Callahan by the District Council and or Forde without knowledge of the District Council officers, of plaintiff, which, it is claimed, demonstrated that plaintiff was not present "within the jurisdiction of Local 157 or anywhere in Manhattan" – and therefore necessarily not performing "District Council business" – on approximately 29 separate days.

14. Significantly, plaintiff was given no prior notice of Mr. Callahan's investigation and conclusions and no opportunity whatsoever to contest or rebut these charges prior to his termination; nor was he given a copy of Mr. Callahan's Report.

15. Had plaintiff been given such an opportunity, he could have demonstrated (i) the logical flaw in the "Callahan analysis" (that it is necessary to be physically present in New York City to perform "District Council business"); and (ii) that on *every one* of the days that he was charged with "betraying the trust showed him by the District Council as a Business Representative", he was in fact conducting District Council business.

16. In simple English, plaintiff was "railroaded."

17. Nevertheless, on December 5, 2007, defendants transmitted a so-called "Status Report" to the entire District Council membership including Local 157, repeating the false assertion that the investigation had uncovered wrongdoing on the part of plaintiff (and the other Business

4

Representatives); that such wrongdoing was the reason for plaintiff's termination; and that defendants had "interviewed these Representatives to get their side of the story." This latter comment was inserted to provide a veneer of respectability and "fairness" to a process which had neither. A copy of the Status Report is annexed hereto and incorporated by reference herein.

18. Specifically, the Status Report states in relevant part that "over the last several weeks, the officers of the District Council were presented credible information, showing that some business representatives assigned to work in Local 157 were not performing their jobs in the manner expected of them by the District Council, and that they had, in other respect, acted inconsistently with the standards expected of District Council employees"; and that "after considering the matter … [a] Business Representative was discharged." The reference to the "discharged" Business Representative was to plaintiff, and was understood as such.

## AS AND FOR A FIRST CAUSE OF ACTION

19. Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 18 of this Complaint as though fully set forth herein.

20. The agreement between plaintiff and the District Council under which plaintiff was employed as a Business Representative contained an implied duty of good faith and fair dealing.

21. In concocting false allegations of wrongdoing against plaintiff – and using these false allegations as a justification for firing plaintiff – defendants breached their duty of good faith and fair dealing.

22. Defendant Callahan aided and abetted, induced and encouraged the other defendants to fire plaintiff. Among other things, Callahan knew that his report would be used as a justification for such firing; and intended that result.

23. As a result, plaintiff has suffered damages in an amount to be determined at trial.

24. The abuse by defendant Forde of his authority as Executive Secretary/Treasurer of the District Council for his personal gain and by William P. Callahan is so severe as to warrant the imposition of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION

25. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26. The statements contained in the Termination Letter and the Status Report were intended to be understood and were reasonably understood as asserting that plaintiff had engaged in wrongdoing and dereliction of duty, and that he was terminated as Business Agent based on such wrongdoing and dereliction of duty.

27. These statements were false and defamatory *per se*.

28. Both the Termination Letter and the Status Report were widely disseminated among the membership of the District Council, and has resulted in severe damage and injury to plaintiff's reputation among his fellow District Council members, as well as the community in general.

29. As a result, plaintiff has been damaged in an amount to be determined at trial.

**WHEREFORE,** plaintiff demands judgment:

a) On his First Cause of Action, compensatory and punitive damages in the amount to be determined at trial.

b) On his Second Cause of Action, compensatory and punitive damages in the amount to be determined at trial.

c)    For such other and further relief as to the Court may seem just and proper.

Dated:    White Plains, New York
    June 3, 2008

           **THE SARCONE LAW FIRM, PLLC**

By: _____
    John A. Sarcone, III
    Attorneys for Plaintiff
    222 Bloomingdale Road, Suite 301
    White Plains, New York 10601
    (914) 686-8200

7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**GEORGE DILACIO, JR.,**

                             **Plaintiff,**

          -against-

**NEW YORK CITY DISTRICT COUNCIL OF
THE UNITED BROTHERHOOD OF
CARPENTERS & JOINERS OF AMERICA,
and MICHAEL J. FORDE personally and
William P. Callahan personally,**

                             **Defendants.**

Index No.

**VERIFICATION**

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF WESTCHESTER  )

       GEORGE DILACIO, JR, an individual over the age under eighteen solemnly swears under penalties of perjury that:

1.     I am the individual Plaintiff named in this Complaint.

2.     I have reviewed the annexed Verified Complaint herein, and know its contents to be true based upon my knowledge, except as to those facts which are stated to be based upon information and belief; and as to those facts, I believe them to be true.

Dated: June 3, 2008

                             _____
                             GEORGE DILACIO, JR

Sworn to before me this
3 day of June 2008

_____
Notary Public

**WENDY A. WHITTLE
Notary Public, State of New York
# 01WH4908217
Qualified in Westchester County
Commission Expires August 31, 2009**

# UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA

## NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS

MICHAEL J. FORDE
Executive Secretary Treasurer

PETER THOMASSEN
President

DENIS SHEIL III
Vice President



INSTITUTED AUGUST 12TH, 1881

395 HUDSON STREET
NEW YORK, N.Y. 10014
PHONE: (212) 366-7500
FAX: (212) 675-3118

Overnight Mail

November 21, 2007

Mr. George Dilacio, Jr.
40 Northview Drive
Mahopac, NY 10451

Dear George:

In accordance with our discussions this week concerning, among other things, your severe dereliction of duty, please be advised that your employment as a District Council Business Representative is terminated, effectively the date of this letter. Please return your telephone and automobile to Local Union 157 immediately.

Fraternally,

Mike Forde, EST

# UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA

## NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS

MICHAEL J. FORDE
Executive Secretary Treasurer

PETER THOMASSEN
President

DENIS SHEIL III
Vice President



INSTITUTED AUGUST 12TH, 1881

395 HUDSON STREET
NEW YORK, N.Y. 10014
PHONE: (212) 366-7500
FAX: (212) 675-3118

## Status Report to Members of Local 157
## Regarding UBC Supervision

December 5, 2007

Dear Brothers and Sisters of Local 157:

Most of you have probably heard or seen by now, that on November 26, 2007, UBC General President Douglas McCarron, at the request of the executive officers of the District Council, placed your Local Union under International supervision. I am writing to give you some background information about how and why this action was taken and what is in store for Local 157 in the weeks and months ahead. Mostly, I want to assure you that the goal of all of the actions taken until now, while they may seem drastic to some, are intended to maintain and restore stability and self-rule for Local 157.

I will begin by giving you some background about what has led up to the decision to place the Local under supervision.

Over the last several weeks, the officers of the District Council were presented credible information, showing that some business representatives assigned to work in Local 157 were not performing their jobs in the manner expected of them by the District Council and that they had, in other respects, acted inconsistently with the standards expected of District Council employees. In response to this information, we interviewed those representatives to get their side of the story.

After considering the matter, the Local 157 Business Manager and one Business Representative resigned their employment by the District Council and from all Local 157 and District Council elected positions. Another Business Representative has been suspended and reassigned to work in another area. Yet another Business Representative was discharged.

As a result of these actions, as well as the recent guilty plea in the federal district court of another Local 157 executive board member and delegate to the District Council, your Local Union was faced with a significant vacuum of leadership in its top levels of Union governance. Local 157 was about to become a ship without a rudder or a direction.

**Why we asked for the supervision to be imposed.**

To stabilize the governance of the Local and restore the service the Local 157 membership and all District Council carpenters working in your Local's jurisdiction deserve, the District Council requested General President Douglas McCarron to order an

emergency supervision over the Local. The District Council would have handled the matter here in New York City as an "in-house" matter if it could, but under our constitution, only General President McCarron has the authority to order such measures to protect the welfare of the Local and its members.

By letter dated November 21, 2007, General President McCarron, acting on our request, ordered a supervision be imposed on Local 157. General President McCarron appointed the UBC's Eastern District Vice President Frank Spencer to assume supervision of the Local. Vice President Spencer has appointed me as his first assistant supervisor, to oversee the orderly restoration of internal self governance and the responsible management and conduct of the Local's and the District Council's business in Local 157.

It is the Council's hope and intention, throughout this period of supervision, to have Local 157 members continue to serve your needs both inside your Local Union hall, with respect to the collection of dues and other internal Union business functions, as well as on the job sites located on the east side of Manhattan and elsewhere in Local 157's jurisdiction.

Toward these ends, we have already assigned Brother Lawrence D'Errico to serve as the interim business manager, and Brothers Anthony Pugliese and "Rambo" Ibric have been assigned as business representatives to police our contracts and service our job sites in Local 157's jurisdiction. These individuals are experienced carpenters and field representatives who are uniquely qualified to service all of your job site issues, and we trust and expect that you will be noticing an increased presence of business representatives on your job sites. All shop stewards, journeymen and apprentices should recognize them and feel free to greet them when you see them on your job. Shop stewards should continue to bring their completed weekly reports to the Local 157 hall every week.

In the meantime, there are normal procedures applied by the UBC in cases of supervision, to stabilize the situation and enable the supervisors to fully evaluate the Local's state of affairs. All officers of the executive board and the Local's delegates to the District Council, as well as membership meetings have been suspended. We will continue to evaluate the needs of the Local and adjust the assignment of business representatives and organizers in Local 157's area as needed.

At all stages of this process, we will continue to communicate with you and keep you informed about what has happened and what is about to happen.

The officers of the District Council thank General President McCarron for his prompt response to their request for assistance in this matter, and are committed to working with the UBC and the members of Local 157, to ensure that the important tasks ahead of us are carried out with respect and honor for the rights and welfare of all our members.

Fraternally,

Michael J. Forde
Executive Secretary Treasurer