# SHEIL AFFIDAVIT

Case 1:08-cv-06959-CSH   Document 4   Filed 08/18/2008   Page 1 of 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GEORGE DILACIO, JR.,

                                  Plaintiff,

        -against-                                       08 Civ. 6959

NEW YORK CITY DISTRICT COUNCIL OF THE
UNITED BROTHERHOOD OF CARPENTERS &
JOINERS OF AMERICA, and MICHAEL J. FORDE
Personally and WILLIAM P. CALLAHAN personally,

                          Defendants.
-------------------------------------------------------------------X

STATE OF NEW YORK    )
                                 ) SS.:
COUNTY OF NEW YORK  )

       DENIS R. SHEIL, III, being duly sworn, deposes and says:

       1.     I am, and have been since 2002, the Vice President of the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("District Council"). This affidavit is submitted in connection with the application to dismiss plaintiff's complaint.

       2.     The District Council is an unincorporated labor organization comprised of eleven local labor unions, including, as relevant here, Carpenters Local 157. There are approximately 17,500 active members of the District Council

1

at present.[1] Since its reorganization in 1996 by the District Council's parent body, the United Brotherhood of Carpenters and Joiners of America ("UBC"), the District Council has provided services to its constituent local unions and the membership, including the employment of Business Representatives who are assigned to specific Local Unions. Business Representatives are responsible for the day-to-day administration of the collective bargaining agreements and representing the interests of the District Council and its members.

3. The District Council pays the salaries and fringe benefits (including medical, annuity and pension benefits) of the Business Representatives, together with all other payroll taxes associated with the employment of Business Representatives.

4. Business Representatives are appointed by the Executive Secretary Treasurer of the District Council ("EST") with the approval of the Executive Committee. ESTs and the other Executive Officer positions (President and Vice-President) are elected by the District Council membership at large every three years. Business Representatives are selected by the EST to carry out his or her policies and programs and are accountable to the EST for carrying out their duties in policing collective bargaining agreements and representing the membership.

---

[1] Members of the eleven Local Unions are also members of the District Council.

2

5.  The District Council ByLaws (a true copy of which is annexed hereto as Exhibit "1") provide that the Executive-Secretary Treasurer "shall have the authority to appoint, hire, discipline, suspend, promote or terminate Council representatives and organizers, subject to the approval of the Executive Committee by a majority vote."

6.  George DiLacio was employed by the District Council as a Business Representative assigned to Local 157 since the reorganization in 1996 to November 21, 2007. At all times, DiLacio was an employee at will. There was never a written employment agreement between DiLacio and the District Council.

7.  In November 2007 the UBC placed Local Union 157 under International supervision. The UBC appointed EST Forde as the assistant supervisor over Local 157. On December 5, 2007 EST Forde issued a status report to the Local 157 membership in his official capacity as assistant supervisor.

_____<br>
DENIS R. SHEIL, III

Sworn to before me this
11th day of August, 2008

_____
NOTARY PUBLIC

GARY ROTHMAN
Notary Public, State of New York
No. 02RO4731581
Qualified in Rockland County
Commission Expires 04/30/20__

3

# EXHIBIT 1

BY-LAWS

FOR THE

DISTRICT COUNCIL FOR NEW YORK CITY AND VICINITY
OF THE
UNITED BROTHERHOOD OF CARPENTERS AND JOINERS
OF AMERICA, AFL-CIO

442

## PREAMBLE

Our aim will be to promote and protect the interest of our membership, to elevate the moral, intellectual and social conditions of all working men and women, to assist each other in sickness and distress.

To encourage apprenticeship and a higher standard of skill, to cultivate a feeling of friendship, and to assist each other to secure employment.

To aid and to assist all organizations to uphold the dignity of labor and resist oppression by honorable means.

To hold it as a sacred principle, that union members, above all others, should set a good example as good and faithful workers, performing their duties to their employer with honor to themselves and to their organization.

We resent the principle of open shop association, and will continually strive for the enactment of legislation, which will enable us to achieve our objectives.

Realizing that a blow at one organization is a blow to all, therefore, it shall be our duty as union members to purchase union-made goods and patronize union shops and business establishments whenever possible to do so.

So with these aims and principles in mind, the Local Unions in the vicinity of New York affiliate ourselves into an organization that shall be known as the District Council for New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO in conformity with the provisions of the Constitution of the United Brotherhood.

BY-LAWS
NAME AND TITLE
Section 1.

This body is chartered and known as the District Council for New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO. This Council is organized in conformity with the Constitution of the United Brotherhood and shall exercise the powers and privileges of a Council under the Constitution of the United Brotherhood.

OBJECTS
Section 2.

The primary objects of this Council shall be to promote and protect the interest of our membership through broadly democratic institutions free of corrupt influence, to encourage the apprenticeship system and higher standards of skill, to reduce the hours of labor, to secure adequate pay for our work, to elevate the standard of our craft, to cultivate a feeling of friendship among the members of this Brotherhood, to assist our members in procuring employment and to protect our members by legal and proper means against any injustice that may be done to them, and to improve the moral, social and intellectual conditions of our members and all working people.

1

POWERS
Section 3.

This Council, through a democratically elected governing body of delegates chosen by the rank and file, shall be the central governing body and shall have legislative and executive powers on all matters relating to the general interest and welfare of affiliated Local Unions and their members. The Council shall establish working dues or monthly dues that are sufficient to operate the Council payable to the Council and initiation fees. It shall have the power to collect and retain all fines levied by the Council for violation of the laws, trade rules and other rules of the Council. The Council shall have the power to issue the quarterly work card. It shall have the power to make agreements with kindred bodies or central organizations and send Delegates to the same whenever deemed necessary. The Council shall have the authority to review and approve, in its discretion, all personnel decisions and to establish personnel and other policies. Except for clerical employees of Local Unions, all persons employed on matters within the jurisdiction of the Council, including Business Representatives and Organizers, shall be employees of the Council. No Council officer or Executive Committee Delegate shall receive salary or other compensation or hold elected or appointed position as an officer of an affiliated Local Union. The affiliated Local Unions may employ and pay salaries to clerical employees.

These By-Laws, Trade Rules and any other rules, resolutions and directives adopted by the Council shall govern and be binding on each Local Union affiliated with the Council.

Any subject not covered by these By-Laws and Trade Rules shall be governed by the Constitution of the United Brotherhood and nothing in these By-Laws shall in any way be construed to conflict with the Constitution of the United Brotherhood.

COUNCIL REPRESENTATION
Section 4.

Each Local Union shall elect Delegates to the Council in accordance with the Constitution and of the United Brotherhood governing nomination and elections in subordinate bodies. The ratio of representation from each Local Union to the Council shall be determined by the Council. A member of a Local Union who meets the qualifications of Section 31D of the Constitution of the United Brotherhood shall not be ineligible to be a Delegate because he or she is a Business Representative of the Council, nor shall an otherwise qualified Delegate to the Council be ineligible for appointment as a Business Representative because he or she is a Delegate. Each Local Union shall submit the correct number of members on their rolls from month to month on and after the first meeting of each month.

The ratio of representation from each Local Union to the Council shall be as follows:

1 to 500 members = five delegates
501 to 1,000 members = six delegates
1,001 to 1,500 members = seven delegates
1,501 to 2,000 members = eight delegates
2,001 to 2,500 members = nine delegates
2,501 to 3,000 members = ten delegates
3,001 to 3,500 members = eleven delegates
3,501 to 4,000 members = twelve delegates
4,001 to 4,500 members = thirteen delegates

For each additional 500 members thereafter = one delegate

2

POWERS AND DUTIES OF DELEGATES
Section 5.

The Delegate Body shall have the exclusive authority to consider, vote upon and finally approve decisions on all matters affecting the Council, except as to all matters which are expressly delegated by the Delegate Body. Without limiting the generality of this grant of authority, the Delegate Body shall have the exclusive authority to: finally approve the budget and all expenditures of the Council, finally approve the overall organizing plan of the Council, finally approve all recommendations of the Executive Committee, finally approve all contracts of the Council, including, but not limited to, those relating to the employment of service providers, outside legal advice or other professional advice, finally approve collective bargaining agreements, finally approve the appointment and removal of Trustees to the Trust Funds, and appoint the Council's Trial Committee, Rules and Resolutions Committee, District Council Grievance Committee and Election Committee and such other committees it deems necessary. The Delegate Body shall also have unlimited authority to raise and finally resolve any matter within the jurisdiction of this Council on its own initiative.

The Council by majority vote of the Delegates present, either in regular or special session, shall have the authority to adopt Operating Procedures to govern the Council and all Local Unions, and to enact all measures, resolutions, trade rules, instruction to members and Local Unions and all other actions that may be necessary to further the objectives and purposes of the Council.

Council Delegates shall be elected in accordance with the Constitution of the United Brotherhood. Council Delegates shall be elected for a term of not more than three years or until their successors are elected, qualified and installed

DELEGATE CREDENTIALS
Section 6.

Recording Secretaries of Local Unions must forward credentials of the Delegates from their Local Union to the Council properly signed by the Local Union President and Recording Secretary with the seal of the Local Union affixed. They shall be referred to the Executive Committee who shall investigate the same and report their findings to the Council with recommendation thereof.

DELEGATES ATTENDING MEETINGS
Section 7.

Any Delegate to this Council failing to attend its meetings shall upon the third (3rd) offense, provided they are successive and no reasonable excuse is presented and accepted by a majority vote of the Council, stand suspended and his Local Union shall be so notified.

EXECUTIVE COMMITTEE
Section 8.

The Executive Committee shall be a subcommittee of the Delegate Body and shall consist of one member of each Local Union nominated and elected by secret ballot of the membership directly, and the President, Vice-President and Executive Secretary-Treasurer. The Executive Committee shall prepare a annual budget for the Council to be considered, voted upon and finally approved by the Delegate Body. The Executive Committee shall review and make recommendations to the Delegates on all major purchases by the Council such as automobiles, computers and all personnel decisions, including salaries. The Executive Committee shall serve as the collective bar-

3

gaining committee for conducting negotiations with employers. The Executive Committee shall have the authority to appoint additional members to serve on any negotiating committee. The Executive Committee shall make recommendations to the Delegates on the appointment and removal of Trustees to the Trust Funds. The Executive Committee shall have the authority to conduct public and member relations including the publishing of *The Carpenter*. All changes or proposed changes to the By-Laws or Trade Rules of this Council or any of the Local Unions affiliated therewith shall be first referred to the Executive Committee for consideration and recommendation pending final approval by the Delegate Body. Furthermore, in accordance with Section 11B of the Constitution of the United Brotherhood the same must be submitted to the First General Vice-President for approval. The Executive Committee shall regularly review the District Council's referral records to determine that job referrals and the appointment of stewards are being conducted fairly and properly in accordance with the job referral rules and shall report their findings to the Delegates. The Executive Committee shall submit a report on Council operations to each meeting of the Delegate Body.

DISTRICT COUNCIL OFFICES
Section 9A.

There shall be a President, Vice President, Executive Secretary-Treasurer, Warden, Conductor and three (3) Trustees. The term of these offices shall be four (4) years.

NOMINATIONS AND ELECTIONS
Section 9B.

The nomination, election and installation of members for such offices shall be governed by the Constitution of the United Brotherhood in accordance with the following provisions:

(A) Candidates for President, Vice President and Executive Secretary Treasurer shall be nominated and elected by secret ballot of the membership directly. Candidates for Warden, Conductor and the three (3) Trustees shall be nominated and elected by the Delegate Body. Candidates for all such offices must be working within the bargaining unit represented by their Local Union, or employed full time within the framework of the United Brotherhood of Carpenters to be eligible.

(B) Candidates duly nominated and elected, by virtue of their office, shall be deemed a Delegate from their Local Union for the ensuing election of Local Union Delegates to the Council.

DUTIES OF THE PRESIDENT
Section 10.

It shall be the duty of the President to preside at all meetings of the Council, enforce a due observance of the Constitution of the United Brotherhood, conduct the same according to parliamentary rules, rules of the Delegate Body and perform such other duties as designated by the body.

DUTIES OF THE VICE PRESIDENT
Section 11.

The Vice President shall assist the President in the performance of his or her duties and conduct meetings in his or her absence. The same rules are to govern as are applied to the President.

4

DUTIES OF THE EXECUTIVE SECRETARY-TREASURER
Section 12.

(A) The Executive Secretary-Treasurer shall be responsible for the management and supervision of the field activities, business office(s), and for conducting the daily business of the Council in accordance with the Council policies established by the Delegate Body. The Executive Secretary-Treasurer shall assume all of the duties of the Recording Secretary and Treasurer.

All monies paid into the Council shall be deposited by the Executive Secretary-Treasurer in the name of the Council in such bank or banks as properly designated by the Executive Committee.

The Executive Secretary-Treasurer shall furnish each Local Union with a copy of the quarterly financial report of the Council certified by the proper auditing committee. This report shall be signed by the Trustees of the Council. He shall perform such other duties from time to time as the Executive Committee or the Council Delegates may direct.

The Executive Secretary-Treasurer shall furnish to each Local Union a correct record of each meeting of the Council. All collected claims shall pass through the hands of the Executive Secretary-Treasurer and he shall keep a record of the same.

The Executive Secretary-Treasurer shall refer all bills to the Trustees for investigation, after which they shall be presented to the Council Delegates for final approval.

The Executive Secretary-Treasurer is specifically authorized to expend, subject to the approval of the Executive Committee and, in accordance with the procedures of these By-Laws and the budget approved by the Delegates, funds for any or all of the purposes and objects of the Council established by the Delegate Body.

The Executive Secretary-Treasurer shall have the authority to hire, discipline, suspend, promote or terminate all clerical or custodial employees and shall determine their duties, assignments, compensation, hours of employment and conditions.

The Executive Secretary-Treasurer shall have the authority to appoint, hire, discipline, suspend, promote or terminate Council representatives and organizers, subject to the approval of the Executive Committee by a majority vote.

(B) The Executive Secretary-Treasurer, by virtue of election to his or her office, shall automatically be deemed as an elected Delegate from the Council to the conventions or meetings of the United Brotherhood, State Building and Construction Trades Councils Labor Federations, and any other organizations, conferences or meeting in which the Council may participate or become affiliated.

The Executive Secretary-Treasurer or his designee shall be chairman of all negotiating committees.

The Executive Secretary-Treasurer shall serve as a trustee on any and all trust funds including, but not limited to, health and welfare, pension, labor-management and joint apprenticeship and training funds.

The Executive Secretary-Treasurer shall review with the Executive Committee all minutes of any trust fund meeting and answer all questions put to him regarding such minutes, with a copy of same to remain at the office of the Council.

5

The Executive Secretary-Treasurer shall notify each Local Union by mail, no later than April 15th of the year of each general election of Local Union Delegates to this Council, the correct number of Delegates each Local Union is entitled to have elected.

The Local Union shall notify the Executive Secretary-Treasurer, by certified mail, of the names of the elected Delegates before July 1st of each year. It is compulsory that the Executive Secretary-Treasurer of the Council notify these Delegates by mail that nominations and elections of the Council officers and the Executive Committee will be held at the regular Council meeting in August.

The Executive Secretary-Treasurer shall keep a correct record of each meeting, keep all documents and correspondence, issue all calls for a special meeting, keep a record of all charges, trials and fines, take charge of the seal of the Council and affix same to all official documents, sign all legal orders, keep a correct account between the Council and the Local Unions, receive all monies paid to the Council and shall hold in his or her possession a sum of money not to exceed $5,000 for contingent expenses. He or she shall issue quarterly work cards to the affiliated Local Unions.

The Executive Secretary-Treasurer shall take charge of all the ballots cast in any election of the Council and shall preserve said ballots and other records relating to the election for a period of one year after the election date.

The Executive Secretary-Treasurer may delegate any of his authority to a representative of this Council when he deems it necessary.

DUTIES OF WARDEN AND CONDUCTOR
Section 13.

The Warden shall take charge of the door at all meetings of the Council and allow no one to enter except those who are entitled to do so. The Conductor takes up the password at all meetings.

TRUSTEES
(AUDITING AND FINANCIAL)
Section 14.

The Trustees shall have supervision of all funds and properties of the Council subject to such instructions from the Executive Committee as they may receive from time to time. The title to all property of the Council shall be held in the name of the Trustees of the Council and/or their successors in office. The Trustees shall audit all books and accounts of the Executive Secretary-Treasurer at least monthly and report their findings to the Delegate Body and perform such other duties as the Council may require. The Trustees shall audit all receipts and accounts of any other person authorized to collect funds. The Council shall engage a certified or registered public accountant for periodic audits, but not less than once a year, and such audits shall be done in accordance with generally accepted accounting principles and procedures and examined by the Trustees for comparison with the Trustees' audit who shall report their conclusions in writing to the Delegate Body.

HIRING HALL OR JOB REFERRAL SYSTEM
Section 15.

The Executive Committee shall adopt, and all workers shall be governed by, uniform rules and/or procedures consistent with the Consent Decree entered in

6

United States v. District Council, et al., 90 Civ. 5722, for the registration and/or referral to employment of unemployed workers. Workers shall have employment mobility throughout the territorial jurisdiction of the Council.

The referral of all workers to jobs shall be performed by the Executive Secretary-Treasurer. The Executive Secretary-Treasurer shall maintain records of all worker registration and referrals which shall be reviewed regularly by the Executive Committee and which may be reviewed by any member upon reasonable request.

APPOINTMENT OF STEWARDS
Section 16.

All stewards will be appointed by the Executive Secretary-Treasurer in a fair and equitable manner consistent with job referral rules and the Consent Decree entered in United States v. District Council, et al., 90 Civ. 5722. Stewards shall be appointed according to their skills and position on the out-of-work list. The Council may require workers who desire to serve as a steward to complete the UBC's Comprehensive Steward Training Program and to have five (5) years working experience in the construction industry or proof that he or she has completed the apprenticeship program and has at least one (1) year working experience in the construction industry before being appointed as a steward. No worker shall be referred from the out-of-work list out of turn to fill a steward position.

COLLECTIVE BARGAINING
Section 17.

The Executive Committee shall have the exclusive power and authority to negotiate, the Delegate Body to consider and finally approve, and the Executive Secretary-Treasurer to execute Collective Bargaining Agreements for and on behalf of its affiliated Local Unions, except to the extent the International Union exercises its jurisdiction or authority.

TRUST FUNDS
Section 18.

The Delegate Body shall have the power and authority to appoint and remove representatives for and on behalf of its Local Unions to act as Trustees for all negotiated Employer/Union Trust Funds including, but not limited to, Health and Welfare, Pension, Labor-Management Cooperation Committee, Vacation, Savings and Holiday Plan and Apprenticeship, and to determine all allocations from negotiated total wage amounts to such negotiated Trust Funds.

INITIATION FEES
Section 19.

The initiation fee(s) in this Council shall be in accordance with the Constitution of the United Brotherhood. Arrangements may be made for the payment of initiation fees by installments. The Initiation Fee for apprentices shall also be in accordance with the Constitution of the United Brotherhood. Where an ex-member has violated any of the Rules and Laws of this Council and has been tried and found guilty of same and where a fine has been imposed, such fine must be paid before initiation.

WORKING CARDS
Section 20.

The Council shall have the power to issue quarterly working cards to the Local Unions for each member of the United Brotherhood on the Local Unions books. No member shall be entitled to receive a working card from a Local Union unless all

arrearages for dues, fines and assessments are paid in full.

WORKING DUES (DUES CHECK-OFF); SPECIAL ASSESSMENTS AND PER CAPITA TAX
Section 21.

(A) The Council shall receive working dues in the amount of 1% of the members total package rate as reflected in the current collective bargaining agreement covering the members for each hour worked. The working dues to this Council shall be due on the first day of the month and must be paid to the Council not later than the 15th day of the following month.

(B) In case of a deficit in the funds of the Council, the Council may levy a special assessment on each Local Union based on the number of members in the Local. The Council must give 30 days written notice to the Delegates and the principal office of each Local Union prior to such special assessment and shall require a majority vote by secret ballot of the Delegates to the Council at a Special Convention to adopt this special assessment which must be approved by the First General Vice-President. The Executive Secretary-Treasurer shall notify all Local Unions that said assessment must be paid within 30 days from the time of final approval.

(C) The Council may establish monthly dues or increase working dues payable to the Council by a majority vote of the Delegates voting at a Special Convention of the Council held upon not less than 30 days' written notice to the principal office of each Local Union.

(D) If a member who owes working dues fails to pay them as provided by these By-Laws, such working dues shall be charged to the member by notice in writing that the same must be paid within 30 days to entitle the member to any privilege, rights or donations. If the member does not make payment of arrears within the time prescribed, the member shall not be in good standing and he or she shall be notified in writing that unless the amount owing is paid within 30 days thereafter his or her name shall be stricken from membership. Notices shall be sent to the last known address of the member reported by the member to the Local Union.

(E) For any quarter in which less than 90% of a Local Union's membership have not signed authorization cards providing that working dues will be paid to the Council, a per capita tax in the amount of $ (fill in amount) shall be payable by such Local Union to the Council based on the number of non-participating members.

(F) The Council may impose a per capita tax on each Local in the amount of $5.00 per member. The Council may increase the amount of the per capita tax by majority vote of the delegates voting at a special convention held by the Council upon not less than thirty days' written notice to the principal office of each local union.

(G) All members of all affiliated local unions shall volunteer for picket duty for two days annually.

MONTHLY DUES
Section 22.

The monthly dues payable to the Local Unions in this Council shall be established by the Local Unions and must be adequate to enable the Local Unions to operate in an efficient, proper and solvent manner in the service and best interests of its membership.

8

Monthly dues payable by the members to the Local Unions shall not be increased except upon the approval by majority vote by secret ballot of the members in good standing voting at a general or special membership meeting after reasonable notice or by majority vote of the members in good standing in a membership referendum conducted by secret ballot. In addition, monthly dues payable to Local Unions must be approved by the Council.

Each Local Union shall furnish the Council with a correct monthly report of all members as indicated by the International per capita sheet.

DELINQUENT LOCAL UNIONS
Section 23.

A Local Union owing per capita tax for two months and the same not being paid by the end of the third month, such Local Union Delegates shall not have a vote or voice in the Council. When a Local Union owes a sum equal to three (3) months per capita tax to the Council, its Delegates will not be entitled to a seat in that body nor shall the members of the delinquent Local Union be entitled to the work card of the Council.

MEETING NIGHTS
Section 24.

The Delegate Body and the Executive Committee shall conduct formal meetings at least monthly and sooner if necessary to carry out the duties and responsibilities imposed by these By-laws. The regular meetings of this Council shall be held on (fill in date), and no business shall be transacted after 11:00 p.m. unless by a majority vote of the Delegates present immediately after the reading of the Minutes. Special meetings may be called by the President and Executive Secretary-Treasurer upon written request of 3 Local Unions and the nature of the business shall be stated and no other business shall be transacted except that for which the meeting is called. The Executive Secretary-Treasurer shall notify each Delegate of the Council in advance to attend the meeting. A quorum shall consist of a majority of all the Delegates.

Section 25.

All meetings of the Delegate Body and the Executive Committee shall be in executive session. Minutes of all Council meetings shall be taken and promptly distributed to each delegate and the Local Unions. The tally of all votes of the Delegate Body on all Council business shall be tabulated and shall be accessible at the Council for inspection by any member at the Council's office.

The Fiscal year for this Council shall be July 1st to June 30th. All accounts shall be audited and a complete financial report for the fiscal year be brought forth by the auditing committee no later than ninety days following the close of the fiscal year.

OFFICERS BOND
Section 26.

Every officer, agent or employee of the Council who handles funds and property thereof shall be bonded through the General Office for the faithful discharge of their duties.

SPECIAL DISPENSATION
Section 27.

Any member incapacitated by old age or accident desiring special dispensation may make application for the same

9

through the Executive Committee of the Council.

## CHARGES AND TRIALS
Section 28.

The charges and trial procedures shall be as set forth in the Constitution of the United Brotherhood. Any officer or member who shall be guilty of improper conduct, or who wrongs a member or defrauds him, or who commits an offense discreditable to the United Brotherhood shall be fined, suspended or expelled.

## REPRESENTATIVES AND ORGANIZERS
Section 29.

All Representatives and Organizers working in the jurisdiction of the Council shall be employed by and placed under the supervision and direction of the Council pursuant to the plenary power of the Delegate Body. No Representative, Organizer or Special Representative shall have authority to act as such until he or she receives the proper credentials from the Council through the Executive Secretary-Treasurer.

Any member who represents himself or herself as a Representative or any member acting as such and not having received credentials from the Council, or a Business Representative whose credentials have been canceled and who represents himself or herself as a Representative of this Council or any Local Union, shall for the first offense, after having been tried and found guilty, be fined a sum of five hundred dollars ($500.00) and for the second offense, if found guilty shall be expelled from the United Brotherhood.

## FURTHER OBJECTIVES
Section 30.

The Council shall have the authority to organize and operate a special Political Education Committee for the purpose of political objectives including, but not limited to, public relations, political activities and contributions and furtherance of legislation.

## LAWSUITS AGAINST THE COUNCIL
Section 31.

No member fined, suspended or expelled by action of the Council shall file any lawsuit against the Council, its Officers or Representatives, or its affiliated Local Unions without first exhausting all appeal remedies provided for in these By-Laws and Constitution of the United Brotherhood.

## AMENDMENTS
Section 32.

(A)  Any amendments to these By-Laws must be accomplished by a two-thirds vote of the Delegate Body at a Special Meeting of the Delegate Body convened exclusively for such purpose.

(B)  Proposed amendments may be submitted in writing by three (3) Local Unions with the seal affixed provided that a Resolutions Committee has reviewed and approved the resolution as to its legality in accordance with the Constitution of the United Brotherhood and the applicable Collective Bargaining Agreement, and State and Federal laws.

(C)  All amendments to the By-Laws or Trade Rules of this Council or any of the Local Unions shall be first referred to the Executive Committee for consideration and recommendation, and then referred to a

By-Laws sub-committee, pending approval by the Delegate Body and in accordance with Section 11B of the Constitution of the United Brotherhood, the proposed changes must be submitted to the First General Vice-President for approval. Any notice required pursuant to Paragraph 12 of the Consent Decree entered in *United States v. District Council, et al.*, 90 Civ. 5722, shall be given by the Executive Committee before any amendment is submitted to the Delegate Body.

SEVERABILITY
Section 33.

If any Section or part of these By-laws shall he held invalid by operation of law or by any tribunal of competent jurisdiction, the remaining Sections of these By-laws shall not be affected thereby and shall remain in full force and effect.

LOCAL UNION BY-LAWS
Section 34.

By-laws of Local Unions must be submitted to the Council for approval. All By-laws of Local Unions that are inconsistent with these By-Laws are superseded.

Dated: July 20, 1999
New York, New York

DISTRICT COUNCIL FOR NEW YORK CITY AND VICINITY, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, AFL-CIO
395 Hudson Street
New York, New York 10014
Telephone: (212)-366-7500

11

STATE OF NEW YORK       )
                        :SS.:
COUNTY OF NEW YORK      )

YAJAIRA M. ROSARIO, being sworn, says: I am not a party to the action, am over 18 years of age and reside in BROOKLYN, NEW YORK.

On the 11th day of August, 2008, I served the within **MEMORANDUM OF LAW OF DEFENDANTS DISTRICT COUNCIL AND MICHAEL J. FORDE IN SUPPORT OF THE MOTION TO DISMISS THE COMPLAINT AND NOTICE OF MOTION AND AFFIDAVIT** to the following party by depositing a true copy thereof in a post-paid wrapper, in an official depository, under the exclusive care and custody of the United States Postal Service within New York State, addressed to the following persons at the last known address set forth after each name below:

TO:  John A. Sarcone, III, Esq.
     222 Bloomingdale Road, Suite 301
     White Plains, NY 10601

_____
YAJAIRA M. ROSARIO

Sworn to before me this
11th day of August, 2008

_____
NOTARY PUBLIC

GARY SILVERMAN
Notary Public, State of New York
No. 24-4755578
Qualified in Kings County
Commission Expires May 31, 20 11