UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GEORGE DILACIO, JR.,

        Plaintiff,     08 Civ. 6959

  -against-

NEW YORK CITY DISTRICT COUNCIL OF THE
UNITED BROTHERHOOD OF CARPENTERS &
JOINERS OF AMERICA, and MICHAEL J. FORDE
Personally and WILLIAM P. CALLAHAN personally,

        Defendants.
------------------------------------------------------------------X


MEMORANDUM OF LAW OF DEFENDANTS
DISTRICT COUNCIL AND MICHAEL J. FORDE IN
SUPPORT OF THE MOTION TO DISMISS THE COMPLAINT



O'DWYER & BERNSTIEN, LLP
Attorneys for Defendants
District Council and Michael J. Forde
52 Duane Street
New York, NY 10007
(212) 571-7100

# Table of Contents

                                                                                **Page(s)**

Table of Authorities.................................................................ii

Preliminary Statement..............................................................1

Procedural Background............................................................1

Factual Background..................................................................2

The Complaint..........................................................................3

Argument..................................................................................4

Point I.......................................................................................4
    The First Cause of Action Must Be Dismissed
    In That DiLacio Was An At-Will Employee......................4

Point II......................................................................................7
    The Defamation Claims Fails..............................................7

Point III...................................................................................10
    The Complaint Fails Against
    Forde Individually............................................................10

Conclusion...............................................................................11

## TABLE OF AUTHORITIES

CASES                                                                                                PAGE(s)

Celle v. Fillipino Reporter Enterprises, Inc.,
209 F.3d 163 (2d Cir. 2000)..................................................................................8

Chimarev v. TD Warehouse Investor Services, Inc.,
99 Fed. Appx. 259 (2d Cir. 2004).........................................................................6

Duane Reade, Inc. v. Local 338 Retail,
Wholesale, Department Store Union, UFCW,
6 Misc.3d 790, 791 N.Y.S.2d 288 (N.Y. Sup. 2004)..........................................11

Hochberg v. Nissen,
180 A.D.2d 435, 580 N.Y.S.2d 12 (1st Dept. 1992)............................................8

Hoesten v. Best,
34 A.D.3d 143, 821 N.Y.S.2d 40 (1st Dept. 2006)..............................................9

Horn v. New York Times,
100 N.Y.2d 85, 760 N.Y.S.2d 378 (2003).............................................................6

Marino v. Vunk,
39 A.D.3d 339, 835 N.Y.S.2d 47 (1st Dept. 2007)..............................................5

Martin v. Curran,
303 N.Y. 276, 101 N.E.2d 683 (1951)................................................................11

Murphy v. American Home Prods. Corp.,
58 N.Y.2d 293, 305, 461 N.Y.S.2d 232, 448 N.E.2d 86 [1983]..........................5

New York Times v. Sullivan,
376 U.S. 254, 84 S.Ct. 710 (1964).......................................................................9

Santiago v. United Federation of Teachers, Local 2,
American Federation of Teachers, AFL-CIO
39 A.D.3d 284, 833 N.Y.S.2d 80 (1st Dept. 2007)..............................................9

Smalley v. Dreyfus Corp.,
10 N.Y.3d 55, 853 N.Y.S.2d 270 (2008).........................................................4, 7

Roth v. AFT,
5 Misc.3d 888, 787 N.Y.S.2d 603 (N.Y.Sup.2004)..............................................9

Wieder v. Skala,
80 N.Y.2d 628, 593 N.Y.S.2d 753 (1993)..............................................6

STATUTES

28 U.S.C. Sections 1441 and 1446..............................................1

New York General Association Law, Section 13..............................10

New York General Association Law, § § 15 and 16..........................11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GEORGE DILACIO, JR.,



Plaintiff,

-against-

NEW YORK CITY DISTRICT COUNCIL OF THE
UNITED BROTHERHOOD OF CARPENTERS &
JOINERS OF AMERICA, and MICHAEL J. FORDE
Personally and WILLIAM P. CALLAHAN personally,

Defendants.
------------------------------------------------------------------X

Preliminary Statement

This memorandum of law is submitted on behalf of defendants District Council and Michael J. Forde for an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (a) dismissing the complaint for failure to state claims upon which relief can be granted as a matter of law, and (b) dismissing the complaint as to Forde personally.

Procedural Background

This action was commenced in New York State Supreme Court, County of New York on June 16, 2008. A copy of the summons and complaint was delivered to the District Council on or about July 7, 2008. Defendants District Council and Forde filed their petition for removal on August 5, 2008 pursuant to 28 U.S.C. Sections 1441 and 1446.

1

Factual Background.

The District Council is an intermediate body labor organization comprised of eleven local unions, including as relevant here, Carpenters Local 157. (Sheil aff., ¶ 2) Since its reorganization by the United Brotherhood of Carpenters ("UBC") in 1996, the District Council has provided services to its constituent local unions and the members of the locals, including employing Business Representatives who are assigned to the Locals. (Sheil aff., ¶ 2) Since 1996, the District Council has paid the salaries and fringe benefits (including medical, annuity and pension benefits), among other payroll related costs associated with the employment of Business Representatives. (Sheil aff., ¶3) The Executive-Secretary Treasurer of the District Council ("EST") (at present and since 2000, defendant Michael J. Forde), supervises Business Representatives, and in accordance with the Bylaws, has the "the authority to appoint, hire, discipline, suspend, promote or terminate Council representatives and organizers, subject to the approval of the Executive Committee by a majority vote." (Sheil aff., ¶ 5, District Council ByLaws, Exhibit "A")

It is not disputed that Mr. DiLacio was employed by the District Council as a Business Representative assigned to Local 157 from the time of the reorganization in 1996 to November 2007. (Sheil aff., ¶6) At all times since 1996, DiLacio, like all the District Council Representatives, was an employee at will. (Sheil aff., ¶6)

2

There was never a written employment agreement between DiLacio and the District Council. (Id.)

DiLacio's employment by the District Council was terminated effective November 21, 2007 as set forth a letter from EST Forde of that date. (Sheil aff., ¶4) (November 21, 2007 letter annexed to the complaint as Exhibit "A"). Forde signed the letter in his capacity as EST.

In November 2007 the UBC placed Local 157 under International supervision and appointed EST Forde as its assistant supervisor. (Sheil aff., ¶6) By status report dated December 5, 2007, acting in his capacity as UBC assistant supervisor over Local 157, Mr. Forde reported to the Local 157 membership as to the status of Local 157 and some of the reasons the actions were taken to place their local under International supervision. (Sheil aff., ¶ 7) At all times in so reporting and in taking related actions, Forde was acting as the duly authorized agent and representative of the UBC and the District Council. (Id.)

## The Complaint

Plaintiff asserts two causes of action. First, plaintiff alleges he was employed pursuant to an agreement that contained an implied duty of good faith and fair dealing. (Complaint, ¶ 20) Plaintiff alleges this duty was breached in that defendants concocted false allegations against him that were used as justification for the firing. (Complaint, ¶ 21)

3

Second, plaintiff alleges that the November 21, 2007 termination letter and December 5, 2007 status report were false and defamatory per se. Plaintiff alleges that the termination letter and status report were widely disseminated "among the membership of the District Council." (Complaint, ¶ 26)

For the reasons set forth below, both causes of action fail and the complaint should be dismissed in its entirety.

## ARGUMENT

### I.  THE FIRST CAUSE OF ACTION MUST BE DISMISSED IN THAT DILACIO WAS AN AT-WILL EMPLOYEE

At all times relevant herein, DiLacio was an at will employee of the District Council. Under settled New York Law, an at-will employee can be discharged at any time and for any reason, unless otherwise prohibited by law. See, Smalley v. Dreyfus Corp., 10 N.Y.3d 55, 58, 853 N.Y.S.2d 270, 272 (2008), where the Court reiterated the at-will termination rule:

> New York law is clear that absent "a constitutionally impermissible purpose, a statutory proscription, or an express limitation in the individual contract of employment, an employer's right at any time to terminate an employment at will remains unimpaired" (*Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 305, 461 N.Y.S.2d 232, 448 N.E.2d 86 [1983]). Thus, either the employer or the employee generally may terminate the at will employment for any reason, or for no reason. **In the decades since Murphy, we have repeatedly refused to recognize exceptions to, or pathways around, these principles** [citations omitted]. (emphasis added)

The foregoing rule was recently applied by the First Department in rejecting a claim by a discharged at-will employee. In <u>Marino v. Vunk</u>, 39 A.D.3d 339, 340, 835 N.Y.S.2d 47, 49 (1st Dept. 2007), the court held: "It is undisputed that plaintiff was an at-will employee of Avon. Her employment may thus be freely terminated at any time for any reason or even for no reason. (See *Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 461 N.Y.S.2d 232, 448 N.E.2d 86 [1983])."

Plaintiff alleges that his alleged employment agreement "contained an implied duty of good faith and fair dealing." (Complaint, ¶21) This claim fails on a number of grounds. First, the very premise of the argument is without factual basis. There was no "employment agreement." There was no written employment agreement as of the time of the discharge; nor was there ever a written employment agreement between DiLacio and the District Council. (Sheil aff., ¶6) Thus, the premise fails in that there was no employment agreement into which implied duty of good faith could be incorporated or read (even if New York recognized such a duty).

Second, the claim fails as there is no implied duty relied on by plaintiff. New York courts have consistently refused to accept the breach of the implied duty of good faith and fair dealing as a cognizable cause of action regarding the termination of an employee. <u>See</u>, <u>Murphy v. American Home Products Corp.</u>, 58 N.Y.2d 293, 461 N.Y.S.2d 232 (1983) (dismissing employee's implied good faith

argument because under New York law, an employer has an "unfettered right to terminate the employment at any time"). This approach was reinforced by the Court of Appeals in Horn v. New York Times, 100 N.Y.2d 85, 760 N.Y.S.2d 378 (2003), where the court held that the holding of Murphy still applied in implied covenant of good faith employment cases -- with one limited exception relating to attorneys – which is not relevant here.[1]  See Chimarev v. TD Waterhouse Investor Services, Inc., 99 Fed. Appx. 259, 262 (2d Cir. 2004)(citing Murphy, supra, in holding that plaintiff, as an at-will employee, could not sue his employer TD Waterhouse for breach of contract, and Horn, supra, for the rule that New York law does not "permit a terminated at-will employee to pursue a tort claim based on public policy or on implied covenants of good faith and fair dealing.")

Moreover, plaintiff's construct of an implied covenant of good faith dealing, and the alleged breach thereof, is nothing more than a futile attempt to end-run around the fact that he was an employee at-will with absolutely no recourse under these circumstances. As the New York Court of Appeals specifically directed in Smalley, supra, courts must reject attempts by plaintiffs to craft "exceptions to, or

---

[1] The one exception to this rule is that attorneys cannot be fired for refusing to do something that violates the Code of Ethics. Wieder v. Skala, 80 N.Y.2d 628, 593 N.Y.S.2d 753 (1993)(holding that attorney's firing for refusing to not report misconduct of fellow associate was a breach of the implied duty of good faith and fair dealing, because of the unique nature of the employment relationship between an attorney, a law firm and the Code of Ethics).

pathways around" the rock solid principle of employment at-will and the unfettered right of an employer to discharge an at-will employee for any reason or no reason at all. Smalley, supra, 10 N.Y.3d at 58, 853 N.Y.S.2d at 272. This case is but one more instance of an attempt by a discharged at-will employee to circumvent the employment at-will doctrine. The Court of Appeals has spoken on this precise issue repeatedly. This claim fails, and must be dismissed with prejudice as no amount of repleading can alter this controlling black letter law.

In sum, DiLacio was an employee at-will. The cause of action does not allege (and, it is submitted, can not truthfully allege) that he was discharged for any constitutionally impermissible or statutorily proscribed reason. His attempt to circumvent the well settled employment at-will rule by asserting an implied covenant of good faith and fair dealing has been rejected uniformly as inconsistent with the employment at will doctrine. The first cause of action fails as a matter of law and must be dismissed.

II.   THE DEFAMATION CLAIM FAILS

Plaintiff alleges defamation based upon the November 21, 2007 termination letter and the December 5, 2007 status report (both of which are attached to the complaint as Exhibit "A"). Neither document is defamatory and, in any event, the statements are privileged.

The elements of a defamation claim are: (1) defamatory statement of fact concerning plaintiff, meaning that the statement had a tendency to expose plaintiff to public hatred, contempt, ridicule, or disgrace, (2) falsity, (3) publication to a third party without authorization or privilege, (4) fault of defendant, and (5) plaintiff suffered special harm, or the defamation was <u>per se</u>. <u>See</u>, <u>Celle v. Fillipino Reporter Enterprises, Inc.</u>, 209 F.3d 163, 176 (2d Cir. 2000).

As to the termination letter, even if the complaint sufficiently alleges defamatory statements, under New York law the publication requirement is not satisfied in that it was written to and intended to be read only by George DiLacio. <u>See</u>, <u>Hochberg v. Nissen</u>, 180 A.D.2d 435, 580 N.Y.S.2d 12 (1st Dept. 1992), <u>appeal den.</u>, 80 N.Y.2d 755, 588 N.Y.S.2d 823 (1992)(holding that the reading of a letter addressed to plaintiff by an unauthorized third party did not constitute publication of the defamatory statement because the author did not intend for any person other than the plaintiff to read the letter).

As to the status report, it is entitled to qualified privilege so that even if the complaint alleges defamatory statements it can not serve as the basis of a claim. Statements that would otherwise be considered defamation may be considered privileged under certain circumstances. One of these circumstances, the "common interest" privilege, applies to labor organizations. The rule states that where the party to whom the alleged defamatory statement is communicated shares a

common interest in the subject matter, the statement is privileged and not considered defamation. This commonly applies to communications between union officers in their official capacity and other union members, even the entire membership body. Santiago v. United Federation of Teachers, Local 2, American Federation of Teachers, AFL-CIO, 39 A.D.3d 284, 833 N.Y.S.2d 80 (1st Dept. 2007); Roth v. AFT, 5 Misc.3d 888, 787 N.Y.S.2d 603 (N.Y.Sup. 2004).

In the case at bar, the status report was a report by Forde, acting in his capacity as EST, to report to the local union on the action that had been taken against their local by the UBC. Forde, acting as EST and in the capacity of interim supervisor of Local 157 appointed by the UBC, had an official duty to report on the status of the Local 157 supervision to its membership. Accordingly it is entitled to a qualified privilege as a matter of law and can not serve as the basis of a defamation claim.

Moreover, the fact that the status report is entitled to qualified privilege requires the plaintiff to plead malice, either common law malice (making of statement was "solely motivated by spite or ill will." Hoesten v. Best, 34 A.D.3d 143, 158, 821 N.Y.S.2d 40, 51 (1st Dep't 2006), or constitutional malice (a "statement made with a high degree of awareness of [its] falsity." Id.; See also New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710 (1964). In the instant case, plaintiff has failed to allege that defendants' malice towards plaintiff was the

9

singular motivation in publishing the alleged defamatory statements. Plaintiff's complaint also fails to properly allege that defendants published the statements in question either knowing their falsity or recklessly disregarding their potential falsity. In the absence of these allegations (and, of course, in the absence of facts), plaintiff has failed to satisfy the pleading requirements for defamation based upon the status report.

To conclude on this point, the termination letter and the status report cannot support a defamation claim as a matter of law. Moreover, no amount of re-pleading can cure the absence of facts necessary to support such claims. Accordingly, the second cause of action should be dismissed with prejudice.

III.   THE COMPLAINT FAILS AGAINST FORDE INDIVIDUALLY

At all times herein, and in all actions that form the basis of the causes of action set forth in the complaint herein, Forde acted as a representative of the District Council and/or the UBC as the assistant supervisor of the International supervision of Local 157.

Section 13 of the New York General Assocation Law provides that an action against an unincorporated association (such as the District Council as a labor organization) must be maintained against the president or its treasurer. Another aspect of the statutory scheme of unincorporated association liability is that officers of the association are only liable individually, if at all, in the event that a

10

judgment can not be satisfied against the association. See, General Association Law, §§15 and 16. As the court stated in Duane Reade, Inc. v. Local 338 Retail, Wholesale, Department Store Union, UFCW, 6 Misc.3d 790, 794, 791 N.Y.S.2d 288, 291 (N.Y. Sup. 2004), "union officers and employees are not individually liable to third parties for acts performed as representatives of the union." See Martin v. Curran, 303 N.Y. 276, 101 N.E.2d 683 (1951).

In that Forde was acting as a representative of the District council and the UBC at all times, plaintiff's claims against him personally (and/or individually) are without legal merit and must be dismissed as a matter of law.

## CONCLUSION

For all the foregoing reasons the complaint against the District Council and Michael Forde should be dismissed with prejudice.

Dated:  New York, New York
        August 11, 2008

Yours, etc.,

O'DWYER & BERNSTIEN, LLP

By: _____
GARY SILVERMAN (GS9287)
Attorneys for Defendants
52 Duane Street, 5th Floor
New York, New York 10007
(212) 571-7100